UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT SALDANA,<br><br>               Plaintiff,<br><br>v.<br><br>T. BOREM, et al.,<br><br>               Defendants. | Case No. 11cv633 LAB (WMc)<br><br>**REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE RE: DENY IN PART AND GRANT IN PART DEFENDANTS' MOTION TO DISMISS [Doc. No. 17.]** |

## I. INTRODUCTION

Plaintiff, a state prisoner proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his Complaint on March 28, 2011. [ECF. No. 1.] The Complaint alleges the following four causes of action: (1) violation of the Free exercise Clause of the First Amendment and Religious Land Use and Institutionalized Persons Act; (2) violation of the right to freedom of expression under the First Amendment; (3) violation of the Equal Protection Clause of the Fourteenth Amendment; and (4) violation of the Due Process Clause of the Fifth and Fourteenth Amendments to the United State Constitution. *Id.*

On August 15, 2011, Plaintiff filed a motion to amend his Complaint simply to substitute J. Hurtado for Defendant Doe 1 and J. Builteman for Defendant Doe 2, which the Court granted. (ECF. Nos. 16, 26.) On August 16, 2011, Defendants J. Builteman, J. Hurtado, R. Madden and T. Ochoa filed a motion to dismiss Plaintiff's complaint in which Defendants' contend: (1) Plaintiff fails to state any cognizable claims against Defendants Builteman, Foston, Madden,

Ochoa and Hodges Wilkins; (2) Plaintiff fails to state an equal protection claim against Defendants Borem and Hurtado; and (3) Plaintiff fails to state a cognizable due process claim based on the confiscation of his personal property. (ECF No. 17.)

This Report and Recommendation is submitted to United States District Judge Larry M. Burns, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.3 of the United States District Court for the Southern District of California.

## II. FACTUAL BACKGROUND

On March 28, 2011, Plaintiff, an inmate currently incarcerated at Calipatria State Prison and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. [ECF. No. 1.] In the Complaint, Plaintiff alleges the following:

> "On November 20, 2009 Plaintiff and his cell-mate were placed in Administrative Segregation (Ad-Seg) for being in possession of a cell-phone; all his property was confiscated and store in Receiving and Release (R&R), Plaintiff was released from Ad-Seg on January 15, 2010 and on January 26, 2010, he was taken to R&R to retrieve his property.  While Plaintiff retrieved his property ... J. Hurtado confiscated one of Plaintiffs six prints claiming it was not allowed since it depicted a partial nipple.  Plaintiff explained the cultural/religious significance of the print and that it was allowed because of its 'serious artistic, political, religious, and scientific value.'  At which point officer J. Hurtado stated Plaintiff could try to retrieve the print from R&R sergeant, called over Sgt. Borem, and continued to search Plaintiff's property.  Plaintiff then explained to Sgt. Borem the cultural/religious significance of the print and its serious artistic, political, religious, and scientific value, therefore allowed by California Code of Regulations (CCR) Title 15..... As Petitioner finished explaining this, ofcr. J. Hurtado found some copies of pages from a smut magazine in Plaintiff's miscellaneous papers; and handed them to Sgt Borem.  Plaintiff admitted these copies were contraband but pointed out that they had nothing to do with the print as they were found separately and were purely for entertainment unlike the print and its many virtues.  Sgt. Borem informed Plaintiff he was going to write him up for contraband and was going to include both the copies of the

> smut and the print as evidence. On January 29, 2010, Plaintiff filed an Administrative Inmate Appeal '602', in which he requested his print be returned (Exhibit 'A 1-2'). The Appeals Coordinator bypassed the informal level and assigned Sgt. Borem as First Level Reviewer.... On March 5, 2010, Sgt. Borem denied relief; and now claimed the print portrayed conduct which appeared to be forceful, threatening or violent, and dipict [sic], displayed, or described bestiality, sadomasochism. And on March 12, 2010, the decision was approved by Facility Captain R. Madden....On March 22, 2010, Plaintiff submitted his 602 [with exhibits] for Second Level Review, and requested a hearing, so he could produce literature to corroborate his claims....Around April 2-8, 2010 relief was denied by J. Builteman, Assistant Warden, and J. Tim Ochoa, Deputy Warden of Calipatria State Prison....On April 19, 2010, Plaintiff submitted his 602 for Third/Directors Level Review; and included what constitutional rights he believed were being violated....On August 4, 2010, relief was denied by M. Hodges Wilkins, Appeals Examiner Inmate Appeals Branch, and D. Foston, Chief Inmate Appeal Branch.....Upon information and belief, cultural/religious drawings [or copies thereof, similar to the confiscated print here] and other such material have been confiscated [or stolen] under the same or similar pretense by prison official throughout the CDC."

[Memo. of Points and Authorities in Support of Complaint, ECF No.1- 1 at pp. 10-12.]

### III. STANDARD OF REVIEW

**A.  FED.R.CIV.P. 12(b)(6) Standard of Review**

A Rule 12(b)(6) dismissal may be based on either a "'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare System, LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). In other words, the plaintiff's complaint must provide a "short and plain statement of the claim showing that [he] is entitled to relief." *Id.* (citing FED.R.CIV.P. 8(a)(2)). "Specific facts are not necessary; the statement need only give the defendant[s] fair notice of what ... the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (internal quotation marks omitted).

A motion to dismiss should be granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009).

The court need not, however, accept as true allegations that are conclusory, legal conclusions, unwarranted deductions of fact or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Iqbal,* 129 S. Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Twombly*, 550 U.S. at 555 (on motion to dismiss court is "not bound to accept as true a legal conclusion couched as a factual allegation."). "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).

Claims asserted by pro se petitioners, "however inartfully pleaded," are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519-20 (1972); *Erickson*, 551 U.S. at 94. Because "*Iqbal* incorporated the *Twombly* pleading standard and *Twombly* did not alter courts' treatment of *pro se* filings, [courts] continue to construe pro se filings liberally when evaluating them under *Iqbal*." *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (noting that courts "have an obligation where the petitioner is *pro se*, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt.")).

In addition, when resolving a motion to dismiss for failure to state a claim, the court may not generally consider materials outside the pleadings, except for exhibits which are attached. *See* FED.R.CIV.P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *Schneider v. California Dept. of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998); *Jacobellis v. State Farm Fire & Casualty Co.*, 120 F.3d 171, 172 (9th Cir. 1997); *Allarcom Pay Television Ltd. v. General Instrument Corp.*, 69 F.3d 381, 385 (9th Cir.

1995). "The focus of any Rule 12(b)(6) dismissal ... is the complaint." *Schneider*, 151 F.3d at 1197 n.1. The court may also review "materials of which the court may take judicial notice." *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994), including public records and "proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. Nov. 2007) (quoting *Bennett v. Medtronic, Inc*., 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

## IV. DISCUSSION

*A. Motion to Dismiss Claims Against Defendants Builteman, Foston, Madden, Ochoa and Hodges Wilkins*

Defendants move to dismiss all Plaintiff's claims for relief against Defendants Builteman, Foston, Madden, Ochoa and Hodges Wilkins on the grounds that no liability arises under section 1983 solely by virtue of responding, or not responding , to an inmate grievance. [ECF. No. 17-1 at 3:9-20.] Defendants argue that the basis of Plaintiff's First Amendment, Religious Land Use and Institutionalized Persons Act (RLUIPA), Fourteenth Amendment and Fifth Amendment claims against Defendants Builteman, Foston, Madden, Ochoa and Hodges Wilkins "stems entirely from each Defendant's response to the CDC 602 Inmate Appeals submitted by Plaintiff." *Id.* at 3:11-13.

While a prisoner has "a First Amendment right to file prison grievances, they do not have a right to any particular response." *Johnson v. Subia*, 2010 WL 3767732, *5 (E.D. Cal. Sept.22, 2010). Accordingly, a prisoner official's failure to provide the response requested or desired by an inmate after their review of a prison grievance does not state a cognizable constitutional claim. *See e.g. Apple v. Glenn*, 183 F.3d 477, 479-80 (6th Cir.1999)(plaintiff who alleged public officials violated his First Amendment right to petition the government by not responding to his letters or taking the actions requested therein failed to state a claim); *see also Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (holding prisoners do not have a claim of entitlement to a grievance procedure); *Ramirez v. Galarza,* 334 F.3d 850 (9th Cir. 2003) (noting inmates do not have a separate constitutional entitlement to a grievance procedure as a matter of federal law).

Here, Plaintiff bases his four constitutional claims against Defendants Madden,

Builteman, Ochoa, HodgesWilkins and Foston solely on "refusing to correct the violation" during their roles as first, second or third level reviewers in the inmate appeals process. [ECF No. 1 at pp. 4-7.] As discussed, no cognizable constitutional claim arises as a result of a prisoner official's failure to provide the response desired by an inmate during the prison grievance process. *Johnson v. Subia*, 2010 WL 3767732, *5 (E.D. Cal. Sept.22, 2010); *see also Rodriguez v. Isaac*, 2011 WL 2708725 (E. D. Cal. July 12, 2011)(finding complaint failed to state a due process cause of action for failure to respond to repeated inmate appeal.) **IT IS THEREFORE RECOMMENDED** that Defendants' motion to dismiss be **GRANTED** as to Defendants Madden, Builteman, and Ochoa. **IT IS FURTHER RECOMMENDED** that Defendants' motion to dismiss be **DENIED without prejudice** as to Defendants Hodges Wilkins and Foston as they have not officially answered in the instant action and are the subject of a motion for entry of default filed by Plaintiff and pending Report & Recommendation filed December 6, 2011. [ECF Nos. 20, 27.]

*B. Motion to Dismiss For Failure To State An Equal Protection Violation*

Defendants also seek dismissal of Plaintiff's Fourteenth Amendment equal protection claims on the grounds that he has failed to allege any of the facts required to support this claim**.** [ECF No. 17-1 at 5.]

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citations omitted). To assert a valid equal protection claim, Plaintiff must allege: (1) he is a member of an identifiable class; (2) sufficient facts to show Defendants treated him differently from other similarly situated persons; and (3) Defendants acted with an intent or purpose to discriminate against him based on his membership in the identifiable class. *Flores v. Morgan Hill Unified Sch. Dist.*, 324 F.3d 1130, 1134 (9th Cir. 2003).

Conclusory allegations of discrimination are insufficient to withstand a motion to dismiss, unless they are supported by facts that may prove invidious discriminatory intent or

purpose. *Village of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 265 (1977). Therefore, when an equal protection violation is alleged, the plaintiff must plead facts to show that the defendant "acted in a discriminatory manner and that the discrimination was intentional." *FDIC v. Henderson*, 940 F.2d 465, 471 (9th Cir. 1991) (citations omitted). "'Discriminatory purpose' . . . implies more than intent as volition or intent as awareness of consequences. It implies that the decision maker . . . selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Personnel Adm'r of Mass. v. Feeney*, 442 U.S. 256, 279 (1979).

After careful review of the Complaint and Memorandum of Points & Authorities in Support of the Complaint, the Court recommends a finding that Plaintiff has identified himself as a member of the Nahuatl/Aztec religion. [ECF. No. 1 at p. 6, *see also* Doc. No. 1-1 at 19; Doc. No. 21, Plaintiff's Oppn. at p. 6.] Plaintiff has also alleged facts indicating he was treated differently than others who have access to material depicting nudity because although the prison where he is incarcerated has screened movies showing bare-chested women and provided National Geographic magazine also depicting bare chested women, he was not allowed to avail himself of the provisions set forth in the California Code of Regulations which allow material of serious artistic, scientific or religious value when approved by someone within the prison facility. [ECF. No. 1-1 at pp. 10, 34.] Finally, Plaintiff has alleged discriminatory purpose on the part of Sergeant Borem by claiming Borem intentionally intermingled Plaintiff's religious print with other photographs of a sexual nature without regard to its religious significance. [ECF. No. 1-1 at p.11.] Plaintiff further alleges prison officials used alleged rules violations as a pretense for the confiscation of his material. [ECF. No. 1-1 at p.11.] **IT IS THEREFORE RECOMMENDED** that Defendants' motion to dismiss be **DENIED** as to Plaintiff's equal protection claim against Defendant Borem and **GRANTED** as to Defendant Hurtado as there are no facts alleged to indicate Defendant Hurtado acted in a discriminatory manner.

C. *Motion to Dismiss For Failure To State A Due Process Violation*

Defendants contend Plaintiff fails to state a claim for violation of his Fourteenth

Amendment right to procedural due process for the confiscation of his religious print because the California Government Tort Claims Act ("CTCA") provides an adequate post-deprivation remedy for unauthorized property deprivations which bars any remedy under 42 U.S.C. section 1983. (ECF. No. 17-1 at 5:13-16.)

To the extent that Plaintiff is attempting to bring a Fourteenth Amendment due process claim relating to the improper confiscation of his property, such a claim does not state a federal cause of action under section 1983 if the plaintiff has an adequate post-deprivation state remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984). The CTCA provides an adequate post-deprivation state remedy for the random and unauthorized taking of property. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994). Here, Plaintiff fails to allege compliance with the claim presentation requirements of the CTCA. *See Karim-Panahi,* 839 F.2d 621, 627(9th Cir. 1988). Thus, Plaintiff has failed to allege a Fourteenth Amendment procedural due process claim as to the deprivation of his religious print. Fed.R.Civ.P. 12(b)(6); *Iqbal*, 129 S.Ct. at 1949-50; *Twombly*, 550 U.S. at 555-57, 570. **IT IS THEREFORE RECOMMENDED** that Defendants' motion to dismiss be **GRANTED** as to Plaintiff's due process claim.

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the Court issue an Order: (1) **GRANTING** Defendants' Motion to Dismiss all claims as to Defendants Madden, Builteman, and Ochoa; and (2) **DENYING without prejudice** Defendants' motion to dismiss all claims as to Defendants Hodges Wilkins and Foston; (3) **DENYING** Defendants' motion to dismiss the equal protection claim against Defendant Borem; and **(4) GRANTING** Defendants' Motion to Dismiss the equal protection claim against Defendant Hurtado; and **(5) GRANTING** the Motion to Dismiss Plaintiff's due process claim.

**IT IS ORDERED** that no later than **January 6, 2012,** any party to this action may file a written objection with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **January 27, 2012**, the parties are advised failure to

1 file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir.1998); *see also Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir.1991).

**IT IS SO ORDERED.**

DATED: December 16, 2011

Hon. William McCurine, Jr.
U.S. Magistrate Judge, U.S. District Court