# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| GILBERT SALDAÑA, | CASE NO. 11cv0633-LAB (WMc) |
|---|---|
| Plaintiff, | **ORDER GRANTING IN PART MOTION FOR RECONSIDERATION** |
| vs. | |
| T. BOREM, et al., | |
| Defendants. | |

On February 29, 2012, the Court issued an order adopting Magistrate Judge McCurine's report and recommendation, and granting Defendants' motion to dismiss. The order permitted Saldaña to file an amended complaint within thirty days. On March 23, Saldaña filed a motion for reconsideration of the Court's order.

Saldaña's motion complains that the order inaccurately said his drawing was confiscated during a cell search, and points out it was confiscated while Saldaña's property was being searched in preparation for his being moved into a cell. But where the search took place doesn't help Saldaña at all. If anything, it renders nonsensical his claim that Defendants knew the drawing in question was stored separately from contraband pornography that was also found among Saldaña's possessions.

The motion also argues that the confiscated drawing was actually a print, not a drawing in progress. In fact, the allegations are somewhat unclear on this point, because

1 | Saldaña has argued the confiscation of the drawing hindered his ability to continue drawing
2 | the religious subject depicted in the drawing, which he says interfered with his right to free
3 | exercise and freedom of expression. In addition, the print was of a drawing, and both parties'
4 | briefing refers to the drawing by both terms. Furthermore, the complaint alleges that Saldaña
5 | had nearly completed a drawing at the time of the confiscation. (Compl. at n.1.)  This gave
6 | the impression that the drawing at issue here may have been undergoing some kind of
7 | improvement or revision. In view of Saldaña's representations, the order will be deemed
8 | amended to make clear the picture was a completed print. But, as before, whether the
9 | picture in question was a drawing or a print or both makes no difference to the outcome. The
10 | picture was confiscated because it depicted nudity and violence, which it unquestionably
11 | does.

12 |       Finally, Saldaña claims that the picture was not contraband under 15 Cal. Code Reg.
13 | §§ 3006(15)(C)(2) & (5), 3006(17)(A), because it had in fact been approved. The motion for
14 | reconsideration recounts a lengthy approval process in which Sgt. Bently of the prison mail
15 | room allegedly approved the picture. There are two problems with this. First, the complaint
16 | never alleged such an approval. All it says is that Saldaña received the print from his brother
17 | along with others in an envelope addressed to the attention of Sgt. Bentley, and that
18 | Saldaña's brother had alerted Sgt. Bently to the nature of the prints. But there is no
19 | allegation that Sgt. Bently determined that the drawing was not contraband under the
20 | regulation, or that if he did, that Defendants lacked the authority to rescind that approval.
21 | Certainly it is likely that as facility captain, Madden would have had the authority to override
22 | the decision of one of his sergeants. In addition, both parties' allegations make clear the
23 | prison authorities (except possibly for Sgt. Bentley) hadn't reviewed the picture that was
24 | eventually confiscated, and didn't know Saldaña had it.

25 |       In view of Saldaña's objections, the Court's order will be deemed amended to omit
26 | references to his possessing the drawing without notice to the authorities. This does not
27 | change the outcome of the order, however.
28 | / / /

1        The remainder of Saldaña's motion merely repeats arguments already raised and considered. It concedes the drawing includes frontal nudity and violence, but argues that the effect of the drawing is not to incite violence. But this does not change the outcome. California's ban on prisoners possessing nude pictures is permissible if there is a common-sense connection between the regulation and a legitimate prison objective, *Frost v. Symington*, 197 F.3d 348, 365–67 (9th Cir. 1999), and the Court has found there is. Saldaña's claim that the drawing in question has no corrupting tendencies does not make the regulation invalid, nor were Defendants required to defer to his judgment about it.

       In wanting to possess the picture at issue, Saldaña is not similarly situated to readers or viewers of different types of material, such as *National Geographic,* documentaries, and the like. Furthermore, the fact that Defendants saw but did not confiscate Saldaña's other similar religious drawings makes clear it was the nudity and violence they were concerned about, and not Saldaña's religious beliefs. Defendants were not required to allow Saldaña to keep the picture pending a hearing, and he had an adequate post-deprivation remedy.

       Saldaña also argues he was not allowed to present sufficient evidence to the tribunal. The Court pointed out "[t]he exhibits attached to the complaint make clear he was permitted to, and did, submit voluminous evidence to the officials."  Saldaña takes issue with this arguing, he was only allowed to present Exhibits A6 through A9. This is unavailing for two reasons. First, Exhibits A6 through A9 are substantial. Second, the other exhibits make very clear Saldaña was allowed to talk and submit other written materials to the tribunal, and explain the reasons he thought he should prevail. For example, Saldaña attaches his own grievance forms, as well as the officers' written decisions which, among other things, summarize his position.

       Due process did not require the tribunal to receive or consider the other evidence Saldaña attached to his complaint, which he now points to, and which pertains mainly to the details and value of his religious observance. *See Mayweathers v. Newland,* 314 F.3d 1062, 1069 (9th Cir. 2002) (holding that RLUIPA does not promote excessive entanglement with religion, in part because it does not require prison officials to develop expertise in religious

worship). Although he charges these officials with refusal to consider his position, the pleadings and evidence make clear they did allow him to present his case, but disagreed.

The motion for reconsideration is **GRANTED** to the extent noted above. In other respects, it is **DENIED**. The deadline set in the Court's order of February 29 is **EXTENDED** to **April 4, 2012**, to give Saldaña sufficient time to file his amended complaint if he wishes to do so.

**IT IS SO ORDERED**.

DATED: March 28, 2012

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge