Case 3:11-cv-00633-LAB-WMC   Document 59   Filed 09/12/12   Page 1 of 7

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| GILBERT SALDANA, | CASE NO. 11cv0633-LAB (WMc) |
|---|---|
| Plaintiff, | **ORDER DISMISSING CLAIMS AGAINST DEFENDANT BOREM FOR FAILURE TO SERVE AND TO PROSECUTE** |
| vs. | |
| T. BOREM, et al., | |
| Defendants. | |

On March 28, 2011, Plaintiff Gilbert Saldaña, a prisoner proceeding *pro se* and *in forma pauperis*, filed his first complaint in this action, alleging, among other things, that Defendant Borem, a correctional sergeant at Calipatria State Prison, violated his federal constitutional rights a year earlier, in March, 2010. Saldaña moved for appointment of counsel, but Magistrate Judge William McCurine denied the motion and Saldaña didn't seek reconsideration or object to the denial.[1] After mandatory screening, the original complaint

---

[1] Had he sought reconsideration, it would have been denied unless Saldaña came forward with better reasons than were set forth in his motion. There is no right to counsel in civil cases, and district courts may appoint counsel only under exceptional circumstances. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). At the time Saldaña filed his motion for appointment of counsel, he didn't meet the standard, and he still doesn't meet it. A finding of exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Id*. The key to the second factor is Saldaña's <u>ability</u> to articulate his claims successfully, not whether he has actually done so. As the Court has noted in several previous rulings, it appears Saldaña has not been diligent in litigating this

- 1 -                                                                                    11cv0633

was then served by U.S. Marshals on most Defendants as directed by Saldaña on U.S. Marshals form USM-285. On June 28, 2011, however, the summons was returned unexecuted as to Defendant Borem, with the annotation "Returned unexecuted per litigation coordinator. Defendant has retired."

Saldaña then completed a second USM-285, with the instruction:

> This Defendant is retired. Per prison litigation coordinator if process service/U.S. Marshals contacts their office, they will provide to U.S. Marshals a last known address. Prison address is: 7018 Blair Road, Calipatria, CA 92233.

(Docket no. 19.) This was also returned unexecuted, with three annotations indicating two attempts to deliver the summons and complaint had been made, on August 10 and 11 respectively. The second annotation indicates that Borem no longer lived at the address on file. A third annotation, dated August 30, says "Returned unexecuted. Defendant no longer lives at confidential address." (*Id.*)

Saldaña says he next wrote to the U.S. Marshals service to tell them he thought the litigation coordinator at the prison was supposed to accept service on Borem's behalf. (Docket no. 57 at 2.) He also says he asked the civil clerk at the U.S. Marshals service for legal advice, and was told to ask the Court.

Saldaña then wrote a letter addressed to the Court Clerk, which Magistrate Judge McCurine accepted by discrepancy order (Docket nos. 24, 25.) The letter mentions that Saldaña has "attended [the] prison law library and asked around in attempts to acquire information on how to proceed with service on Defendant T. Borem, all with negative results." (Docket no. 25.) Saldaña then asked the Clerk for advice about what kind of motion to file. The discrepancy order (a copy of which was sent to Saldaña) states that the Clerk could not grant Saldaña's request. The letter also goes on to ask for legal advice about whether two other Defendants, Wilkins and Foston, were adequately served and whether he should seek entry of default against them.

---

case, but has either waited for others to move the case forward, or has invested time, resources, and effort on projects of his own devising, without regard for the Court's instructions.

Judge McCurine did not provide Saldaña with legal advice directly, but did address the default issue in his report and recommendation. (Docket no. 27.)

Saldaña says he next received a letter from Deputy Attorney General John Walters, who said he was representing Defendants Hurtado, Madden, Builteman, Ochoa, Foston, and Hodges. (Docket no. 57 at 3.) Based on this, Saldaña says he assumed that Walters was going to waive service on Borem. (*Id.*) To confirm his assumption, he says he wrote to Walters, but Walters never replied. (*Id.*)

On February 29, 2012, the Court dismissed the complaint, and directed Saldaña to file an amended complaint, if he thought he could do so successfully. Instead of doing that, Saldaña let the deadline for amendment pass, then filed a late notice saying he intended to "stand on" his complaint. The Court then ordered him to either amend or abandon his claims. After extensions of time, Saldaña finally filed his amended complaint on August 1, 2012.

On August 10, the Court ordered him to show cause why his claims against Defendant Borem should not be dismissed both for failure to serve and for failure to prosecute. Saldaña filed a response, reciting the facts mentioned above and concluding that someone else—the U.S. Marshals, prison personnel, the Court, or the Deputy Attorney General—ought to have helped him find Borem's address. (Docket no. 57 at 4.) He theorizes that prison authorities must have Borem's current address, and says he intended to find out what it was during discovery. (*Id.*)

Saldaña also argues that he was busy with other aspects of the case. He points out that the Court has previously noted he filed many other documents. (Docket no. 57 at 4.) This may be an explanation, but it does not show good cause. The Court did note that Saldaña filed several documents, but took care to point out they were unnecessary documents, and that Saldaña was wasting time. (*See, e.g.*, Docket no. 49, 4:13–17 (pointing out that Saldaña's delays in filing an amended complaint were not reasonably explained by limited access to writing materials, or supplies, because he managed to file three pleadings the Court didn't ask him for).) In the same order, it is worth noting, the Court pointed out to Saldaña that Borem hadn't been served. (*Id.,* 3:3–9.)

Saldaña's expectation that either the Court or opposing counsel would provide him with legal advice was unreasonable. *See Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro* se litigants.") If he thought Judge McCurine erred by merely issuing the report and recommendation without also providing legal advice was error, he could have objected to that. Had he done so, the Court would have pointed out to him what he already knows: that he is representing himself; that the Court is an impartial arbiter of the law and not his attorney; and that opposing counsel or third parties are not required to give him any legal advice or do research for him. It is plain Saldaña knows this, not only because he said so in his motion for appointment of counsel (Docket no. 3), but also because he has repeatedly mentioned it in motions for extensions of time.

It does not appear any of the people or offices he sought help from threw up unnecessary obstacles, misled him, or interfered with his serving Borem. Some appropriately offered him assistance, although he still ultimately wasn't successful. For example, the prison litigation coordinator provided the U.S. Marshals with Borem's last known address, although as it turned out Borem didn't live there any more. (*See* Docket no. 57 at 2.) Although he now professes the belief that someone else was going to conduct an investigation for him or tell him how to arrange for it, this belief is also unreasonable, since everyone he tried to enlist in this task declined his invitation either expressly or implicitly. For example, in his response to the Court's order to show cause, Saldaña construes Walters' letter saying he represented other Defendants but not Borem as holding out some promise that Walters would waive service on behalf of Borem. (Docket no. 57 at 3.) And with regard to the letter Saldaña sent to the Court Clerk, although he was sent a copy of the discrepancy order, stating the request was "not grantable by the Clerk," he nevertheless says he "never received a response to this letter/request." (*Id*.; *see also* Docket nos. 24, 25 (noting that Saldaña was served with a copy of the discrepancy order and letter by U.S. mail).)

It is also worth pointing out the large span of time at issue here. Although the statute of limitations gives Saldaña some time in which to file suit, the statute of limitations is not

intended to encourage delays in filing or serving defendants with process. With the passage of time comes the increasing risk that a defendant—or any other party or witness, for that matter—will be more difficult to locate, as is the case here. *See New York v. Hill*, 528 U.S. 110, 117 (2000) (recognizing that delay increases the risk that witnesses will move out of the jurisdiction). Saldaña, knowing he had yet to serve Borem, repeatedly allowed weeks or months to pass before taking another step, resulting in substantial delays and, in the aggregate, a very lengthy delay. All told, Saldaña allowed over two and a half years to pass after Borem's alleged involvement in depriving him of his rights, and well over a year and a half since filing suit. Borem still hasn't been served, and no date by which service might be accomplished is in sight.

Under Fed. R. Civ. P. 4(m), the Court is required to dismiss the action without prejudice against a defendant not timely served, unless the plaintiff shows good cause for the failure. Here, Saldaña has not shown good cause, and the delay in service therefore warrants dismissal.

In addition, the Court has authority under Fed. R. Civ. P. 41(b) as well as pursuant to its own inherent authority to dismiss claims for failure to prosecute. *See Dutra v. Lattimore*, 2012 WL 868995, at *1–2 (E.D.Cal., Mar. 13, 2012). As explained above, Saldaña has not taken reasonable steps to prosecute his claims against Borem, and there is no indication he is even ready to begin prosecuting these claims. Rather, Saldaña has required considerable prodding from the Court simply to keep the case moving against the Defendants who have been served.

Before dismissing claims for failure to prosecute, the Court considers five factors: 1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to defendants; 4) the availability of less drastic alternatives; and 5) the public policy favoring disposition of cases on their merits. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). Of these five factors, only the fifth weighs against dismissal for failure to prosecute.

/ / /

The first factor, the public's interest in expedition resolution of this case, favors dismissal. *Pagtalunan*, 291 F.3d at 642 (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (noting that this factor "always favors dismissal," and holding that a failure to pursue the case for almost four months weighed in favor of dismissal).

The Court's need to manage its docket weighs very heavily in favor of dismissal. This case has already been held back by several needless delays, and is not amenable to more delays for the purpose of finding and serving Borem and beginning the litigation process afresh with him. It is unclear where Borem is, or who might know where he is, but there is no reason to suppose the U.S. Marshals or the prison are privy to this information as Saldaña supposes. Assuming he is still living and collecting a pension or other benefits, it is likely some state agency could probably provide information about where he is. But even so, it's unclear how long that would take or if Borem can be served, wherever he may be. Holding up this case for an indefinite time so that Saldaña can go looking for Borem, serve him with process, and begin litigating claims against him would severely impair the Court's management of its docket.

The needless delay would unfairly prejudice those Defendants who have been served, and who have already been defending against Saldaña's claims. Furthermore, bearing in mind the nature and relative age of this case, and the fact that Borem has yet to be told about it, it is unclear how much he would remember of his involvement with it. *See Pagtalunan*, 291 F.3d 639 (9th Cir. 2002) ("Unnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale.") This factor, too, weighs in favor of dismissal.

The fifth factor, the availability of less drastic solutions, does not help Saldaña. He has been reminded already that Borem remained unserved, and didn't take promptly take reasonable steps to try to serve him. The only measure that might help at this point would be the appointment of counsel who might be able to conduct an investigation for Saldaña. But, as discussed, appointment of counsel in civil cases is reserved for extraordinary circumstances only, and isn't an appropriate way to help out a defendant who has not shown

very much interest or initiative in prosecuting his own claims. Furthermore, there is no way to know how long it might take to find Borem, if he can even be found and served at all.

The only factor that weighs against dismissal is the fourth, the public policy favoring disposition of cases on the merits. And even this factor does not weigh very heavily, because it's unknown whether Borem would be found and served or, if so, whether an adjudication on the merits would be possible. It might well be that granting further extensions of time would be futile.

Having weighed the relevant factors, the Court finds Saldaña's claims against Borem should be dismissed for failure to prosecute.

For these reasons, Saldaña's claims against Defendant T. Borem are **DISMISSED WITHOUT PREJUDICE, BUT WITHOUT LEAVE TO AMEND**, for both failure to serve and failure to prosecute. Pursuant to Fed. R. Civ. P. 54(b), the Court finds no just reason to delay entry of judgment on these claims, and therefore **ORDERS** the entry of final judgment in favor of Defendant Borem on all claims Saldaña has brought against him in this action. The Clerk shall enter this judgment in the docket. Bearing in mind the standard of review, *Pagtalunan*, 291 F.3d at 640 (dismissal for failure to prosecute is reviewed for abuse of discretion), the Court certifies that an *in forma pauperis* appeal from this judgment would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.

DATED: September 11, 2012

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge